**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**CASE NO: 4:26-cv-11281-DHH**

**THOMAS VIEL-MEDEIROS,**
individually and on behalf of all
others similarly situated,

Plaintiff,

**CLASS ACTION**

**JURY TRIAL DEMANDED**

v.

**SUNRISE CREDIT SERVICES, INC.**

Defendant.
_______________________________________/

## FIRST AMENDED CLASS ACTION COMPLAINT[1]

Plaintiff Thomas Viel-Medeiros brings this class action against Defendant Sunrise Credit Services, Inc., and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## NATURE OF THE ACTION

1. Plaintiff brings this class action for damages resulting from Defendant's transmission of debt collection text messages to Plaintiff's and the Class Members' cellular telephones after they requested that Defendant "STOP" sending such messages. By continuing its debt collection efforts, Defendant harassed Plaintiff and the Class Members and violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

2. Defendant is a nationwide debt collector. As part of its debt collection operations, Defendant harasses consumers with debt collection text messages, even after consumers ask

[1] Amended as a matter of course pursuant to Federal Rule of Civil Procedure (a)(1)(B).

Defendant to "STOP" sending the messages and after Defendant falsely represents to consumers that they have been "unsubscribed" from the messages.

3. Through this action, Plaintiff seeks actual damages, statutory damages, fees, and costs under § 1692k, and any other available legal or equitable remedies.

**JURISDICTION AND VENUE**

4. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the FDCPA.

5. This Court has personal jurisdiction over Defendant because Defendant purposefully directed debt collection communications, including the unlawful text messages alleged herein, to Plaintiff's cellular telephone while Plaintiff resided in Massachusetts, and Plaintiff's claims arise out of those Massachusetts-directed debt collection communications.

6. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District, including Plaintiff's receipt of Defendant's unlawful debt collection text messages in Massachusetts.

**PARTIES**

7. Plaintiff is a natural person who, at all times relevant to this action, was a resident of the State of Massachusetts. Plaintiff is a consumer as defined under the FDCPA. 15 U.S.C. § 1692c(d).

8. Defendant is a domestic corporation whose principal office is located in Melville, New York. Defendant directs, markets, and provides its business activities throughout the state of Massachusetts.

## FACTS

9. On or about October 5, 2024, Defendant drny debt collection text messages to Plaintiff. Each message ended with the following instruction: "reply STOP to end."

10. On or about October 7, 2024, Plaintiff replied "STOP" to Defendant's text messages as reflected by the below screenshot:




11. Defendant represented to Plaintiff that Plaintiff had been "unsubscribed" from future text messages.

12. Notwithstanding, Defendant ignored Plaintiff's written request to cease further communications and, as reflected above, continued to send debt collection text messages to Plaintiff, including on or about January 6, 2026 and January 10, 2026.

13. Plaintiff never opted back in to receive text messages after the October 7, 2024 opt-out request.

14. Plaintiff is informed and believes that Defendant sent the same or similar text messages to members of the putative Class after they asked Defendant to "STOP" its debt collection texts.

15. On information and belief, Defendant uses centralized SMS platforms, standardized text message templates, automated opt-out processing, and account-level or campaign-level suppression logic for debt collection texts sent nationwide.

16. On information and belief, Defendant's system captured Plaintiff's STOP response but suppressed only the specific account or placement associated with the October 2024 text campaign, rather than suppressing the use of text messages to Plaintiff's cellular telephone number for all debts.

17. Defendant's uniform practice of treating STOP requests as account specific, rather than telephone number/medium specific, caused Defendant to send post opt-out texts to Plaintiff and, on information and belief, to numerous other consumers.

18. Defendant's text messages caused Plaintiff and the Class members harm, including wasted time responding to the texts, violations of their statutory rights, trespass, annoyance, nuisance, invasion of their privacy, and intrusion upon seclusion.

## CLASS ALLEGATIONS

### PROPOSED CLASS

19. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of Plaintiff and all others similarly situated.

20. Plaintiff brings this case on behalf of the Class defined as follows:

> **All natural persons in the United States to whose cellular telephone number Defendant delivered one or more text messages during the one-year period preceding the filing of this action through the date of class certification, after Defendant's records reflect that the person had replied "STOP," "END," "CANCEL," "UNSUBSCRIBE," "QUIT," or a materially similar opt-out request to a debt-collection text message from Defendant at that same cellular telephone number, and before Defendant's records reflect that the person opted back in or otherwise gave Defendant direct consent to resume text messages to that number.**

21. Plaintiff reserves the right to modify the Class definition as warranted as facts are learned in further investigation and discovery.

22. Defendant and its employees or agents are excluded from the Class.

NUMEROSITY

23. Upon information and belief, Defendant sent debt collection text messages after a "STOP" or similar opt-out request to at least 40 persons during the one year prior to the filing of this lawsuit. Plaintiff's estimate is based on Defendant's use of generic and automated text messages that it transmits en masse, as well as Defendant's policy and practice of ignoring medium of communication opt-out requests as was the case with Plaintiff. The members of the Class, therefore, are so numerous that joinder of all members is impracticable.

24. Identification of the Class members is a matter capable of ministerial determination from Defendant's text message records.

COMMON QUESTIONS OF LAW AND FACT

25. There are numerous questions of law and fact common to members of the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the members of the Class are:

a. Whether Defendant sent debt collection text messages to Plaintiff and Class members' cellular telephones after they requested that Defendant to "STOP" sending such messages;

b. Whether Defendant's practice of sending debt collection text messages to consumers after being asked to "STOP" doing so violates the FDCPA;

c. Whether Defendant violated the FDCPA by engaging in false or deceptive conduct; and

d. Whether Defendant is liable for damages, and the amount of such damages.

26. The common questions in this case are capable of having common answers, and Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

27. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

28. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

**PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE**

29. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. The aggregate damages sustained by the Class are substantial, while each individual claim is too small to justify separate litigation. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

30. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692d**
**(On Behalf of Plaintiff and the Class)**

31. Plaintiff re-alleges and incorporates the foregoing allegations set as if fully set forth herein.

32. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because it regularly uses instrumentalities of interstate commerce to collect or attempt to collect debts owed or allegedly owed to another.

33. On its website, Defendant describes itself as a "collection agency" operating throughout the U.S. *See* www.sunrisecreditservices.com.

34. The obligations Defendant attempted to collect from Plaintiff and the Class Members were "debts" as defined by 15 U.S.C. § 1692a(5), arising from transactions primarily for personal, family, or household purposes, including alleged residential/personal telecommunications or cable/wireless services.

35. Defendant's text messages alleged herein were communications or attempts to communicate in connection with the collection of a debt because they conveyed or attempted to convey information regarding alleged debts.

36. Section 1692d of the FDCPA provides that "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.

37. Regulation F, promulgated under the FDCPA, implements § 1692d and provides in part as follows: "In connection with the collection of any debt, a debt collector must not communicate or attempt to communicate with a person through a medium of communication if

the person has requested that the debt collector not use that medium to communicate with the person." 12 C.F.R. § 1006.14(h)(1).

38. The official interpretation to § 1006.14(h)(1) states that when a consumer opts out of communications at a particular telephone number, the collector may not electronically communicate through that number ***"for any debt."*** www.consumerfinance.gov/rules-policy/regulations/1006/14/#h.

39. Plaintiff and members of the Class each notified Defendant that they wished for it to cease sending them text message communications by responding with a "STOP" or similar opt-out request.

40. Plaintiff's and the Class Members' "STOP" response was sent in direct response to Defendant's own opt-out instruction contained in Defendant's debt-collection text messages.

41. Defendant's opt-out confirmation to Plaintiff and the Class Members did not state that their opt-out was limited to any particular creditor account, campaign, debt, or time period. Rather, Defendant represented that Plaintiff and the Class Members had been "unsubscribed" from all text messages.

42. Plaintiff and the Class Members did not opt back in, did not consent to receive further text messages from Defendant, and did not initiate any later text message exchange with Defendant after they opted out of text messages.

43. Defendant falsely represented to Plaintiff and the Class members that it would stop sending them text messages.

44. Defendant instructed Plaintiff and the Class Members to use a specific opt-out command, Plaintiff and the Class Members used that command, Defendant confirmed the opt-out, and Defendant then resumed debt collection texts to the same cellular number without Plaintiff's and the Class Members' consent.

45. Defendant's conduct deprived Plaintiff and the Class Members of the ability to control debt collection communications to their personal cellular telephones after they used the required opt-out mechanism Defendant demanded.

46. Defendant had actual knowledge of Plaintiff's and the Class Members' opt-outs because its system automatically captured the STOP response and generated an unsubscribe confirmation.

47. On information and belief, Defendant's post-opt-out texts resulted from a uniform policy or practice of treating STOP requests as account-specific rather than as medium/telephone-number opt-outs.

48. Defendant continued to harass Plaintiff and the Class members with debt collection texts after Plaintiff and Class members asked Defendant to cease its text messages.

49. Defendant sent text messages to the same telephone numbers from which Plaintiff and the Class Members opted out of Defendant's text messages.

50. Defendant engaged in conduct the natural consequence of which was to harass Plaintiff and the Class Members in connection with the collection of a debt.

51. Defendant violated 15 U.S.C. § 1692d, as implemented by 12 C.F.R. § 1006.14(h), by continuing, in connection with the collection of a debt, to communicate or attempt to communicate with Plaintiff and the Class Members through a medium of communication that Plaintiff and the Class Members had previously requested for Defendant not to use.

52. Defendant's post opt-out text messages invaded Plaintiff's and the Class Members' privacy and seclusion, intruded upon the use and enjoyment of their personal cellular telephones, caused annoyance and frustration, required Plaintiff and the Class Members to review unwanted debt collection texts after they had opted out, caused Plaintiff and the Class Members to spend time investigating why

Defendant continued texting, and deprived Plaintiff and the Class Members of the peace of mind and privacy that Defendant's opt-out confirmation had promised.

53. As a result of Defendant's violations of the FDCPA, Plaintiff and the Class Members are entitled to recover damages as set forth in the Prayer for Relief below. 15 U.S.C. § 1692k.

## COUNT II
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692e
**(On Behalf of Plaintiff and the Class)**

54. Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1 through 30 as if fully set forth herein.

55. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because it regularly uses instrumentalities of interstate commerce to collect or attempt to collect debts owed or allegedly owed to another.

56. On its website, Defendant describes itself as a "collection agency" operating through the U.S. *See* www.sunrisecreditservices.com.

57. The obligations Defendant attempted to collect from Plaintiff and the Class Members were "debts" as defined by 15 U.S.C. § 1692a(5), arising from transactions primarily for personal, family, or household purposes, including alleged residential/personal telecommunications or cable/wireless services.

58. Defendant's text messages alleged herein were communications or attempts to communicate in connection with the collection of a debt because they conveyed or attempted to convey information regarding alleged debts.

59. Section 1692e of the FDCPA states that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

60. Defendant represented to Plaintiff and the Class Members that replying STOP would end text messages and represented that Plaintiff and the Class Members had been unsubscribed from future text messages after they wrote back STOP.

61. Defendant's representations were false, deceptive, or misleading because Defendant did not honor Plaintiff's and the Class Members' STOP requests.

62. Defendant's representations were material because they would cause the least sophisticated consumer to believe that no further debt collection texts would be sent by Defendant.

63. Defendant's post opt-out text messages invaded Plaintiff's and the Class Members' privacy and seclusion, intruded upon the use and enjoyment of their personal cellular telephones, caused annoyance and frustration, required Plaintiff and the Class Members to review unwanted debt collection texts after they had opted out, caused Plaintiff and the Class Members to spend time investigating why Defendant continued texting, and deprived Plaintiff and the Class Members of the peace of mind and privacy that Defendant's opt-out confirmation had promised.

64. As a result of Defendant's violations of the FDCPA, Plaintiff and the Class Members are entitled to recover damages as set forth in the Prayer for Relief below. 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) Actual damages, statutory damages, fees, and costs pursuant to 15 U.S.C. § 1692k; and

c) Such further and other relief as the Court deems proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury.

Dated: 05/18/2026

**CHARLESTOWN LAW GROUP**

*/s/ Jason R. J. Campbell*

Jason R. J. Campbell, Esq.
Massachusetts Bar No. 689670
The Schrafft Center Power House
529 Main Street, Suite P200
Charlestown, MA 02129
Telephone: (617) 872-8652
jasonrcampbell@ymail.com

*/s/ Manuel Hiraldo*

**HIRALDO P.A.**
Manuel S. Hiraldo, Esq.
Florida Bar No. 030380
*Pro hac vice* to be submitted
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
Email: mhiraldo@hiraldolaw.com
Telephone: 954.400.4713
*Pro Hac Vice Forthcoming*